UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Rayshawn House, §<br>*Plaintiff*, §<br>§<br>v. §<br>§<br>City of Houston, *et al.*, §<br>*Defendants*. § | Civil Action No. 4:09-cv-01198 |

### MEMORANDUM AND RECOMMENDATION

This 42 U.S.C. § 1983 case is before the court on defendant City of Houston's motion for summary judgment.[1] The court recommends the motion be granted.

### Background[2]

On April 21, 2007, plaintiff Rayshawn House was standing in a driveway talking to his friend De'Shannon Smith and others, when two police cars pulled up in front of the driveway.[3] Two officers—C.M. Holloway and K.M. Guerin—told everyone to freeze and put their hands on the car.[4] Holloway aggressively handcuffed House and cursed at him.[5] Then Holloway dragged House to his patrol car, punched him in the mouth and stomach, and placed him inside the car.[6] The punch to the

---

[1] Dkt. 64.

[2] The following facts are assumed as true for purposes of this motion only. The court will draw, as it must, all inferences arising from the facts in the light most favorable to the nonmoving party. *Hotard v. State Farm Fire & Cas. Co.*, 286 F.3d 814, 817 (5th Cir.2002).

[3] Dkt. 64-10, at 5–7.

[4] *Id.* at 7.

[5] Dkt. 65-6, at 2–3 (under seal).

[6] *Id.* at 3.

1

face caused a laceration on House's lip.[7] Holloway then ran House's name and found five outstanding warrants from the City of Houston.[8] Holloway told House he was going to jail because of the warrants.[9]

Holloway then went to the front of the patrol car to confer with Guerin.[10] After the discussion, one of the officers opened the door and yelled "where's the dope"; House replied "I don't know what you're talking about."[11] Guerin took House out of the patrol car, walked him to the back of the car, and searched House's pockets.[12] Guerin also pulled back his boxer shorts and shined a flashlight at his buttocks to look for drugs.[13]

House asked if one of the officers was gay, to which Guerin punched House two to three times in the stomach.[14] House braced himself, and Guerin kicked him in lower left leg, breaking it.[15] Guerin also pushed House to the ground, causing his face to collide with the pavement.[16] The officers temporarily left House lying in the street before Holloway removed his handcuffs.[17] Holloway asked

---

[7]*Id.*

[8]*Id.*

[9]*Id.*

[10]Dkt. 64-10, at 11.

[11]*Id.*

[12]*Id.* at 12.

[13]Dkt. 65-6, at 3 (under seal).

[14]*Id.*

[15]*Id.*; Dkt. 64-10, at 15.

[16]Dkt. 65-6, at 3 (under seal).

[17]*Id.*

him how he broke his leg.[18] Officer K.T. Harris and Sergeant Mark Smith arrived on the scene later,[19] and House was taken to Memorial Hermann Hospital for his injuries.[20]

Four months later on August 31, 2007, House filed a complaint with the Houston Police Department's Internal Affairs Division.[21] After an investigation and multiple levels of review, Assistant Chief B.J. Lumpkin found the complaint unsustained because the allegations could not be proved or disproved.[22]

On April 21, 2009, House filed suit.[23] His fourth amended complaint asserts § 1983 claims against the City of Houston, Holloway and Guerin.[24] On October 8, 2010, Judge Lynn N. Hughes adopted this court's memorandum and recommendation dismissing all claims against Holloway and Guerin as time-barred.[25] The City of Houston is the last remaining defendant in this case. On November 1, 2010, the City filed this motion for summary judgment.[26] House responded on November 22, 2010.[27]

---

[18] Dkt. 64-10, at 13.

[19] Dkt. 65-6, at 10, 12 (under seal).

[20] Dkt. 69-6 (under seal).

[21] Dkt. 65-3 (under seal).

[22] Dkt. 65-2 (under seal).

[23] Dkt. 1.

[24] Dkt. 40.

[25] Dkt. 61.

[26] Dkt. 64.

[27] Dkt. 67. Except for the summary judgment standard section, House's response to the City's summary judgment motion did not cite any law in support of his claims.

**Summary Judgment Standard**

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact" and therefore judgment is appropriate as a matter of law. Fed. R. Civ. P. 56(c). A dispute is "genuine" if the evidence could lead a reasonable jury to find for the non-movant. *In re Segerstrom*, 247 F.3d 218, 223 (5th Cir. 2001). "An issue is material if its resolution could affect the outcome of the action." *Terrebonne Parish Sch. Bd. v. Columbia Gulf Transmission Co.*, 290 F.3d 303, 310 (5th Cir. 2002). The movant has the initial burden to prove there are no genuine issues of material fact for trial. *Provident Life & Accident Ins. Co. v. Goel*, 274 F.3d 984, 991 (5th Cir. 2001). If the movant satisfies its burden, "the non-movant must identify specific evidence in the summary judgment record demonstrating that there is a material fact issue concerning the essential elements of its case for which it will bear the burden of proof at trial." *Douglass*, 79 F.3d at 1429.

**Analysis**

The court understands House's fourth amended complaint to assert three grounds of § 1983 liability: (1) the City has a general policy of inadequately investigating the veracity of officers' statements; (2) the City failed to supervise Holloway and Guerin, and (3) the City failed to adequately investigate the incident in question.[28]

---

[28]House's fourth amended complaint vaguely asserts § 1983 liability based on the City's alleged failure to train its officers. *See* Dkt. 40, at ¶ 26. The City's motion argues it is entitled to summary judgment on this ground. *See* Dkt. 40, at ¶¶ 40–46. House's response contained no argument in rebuttal. Under local rules, this ground of relief may be considered waived. *See* S.D. Tex. Local Rule 7.4 ("Failure to respond [to a motion] will be taken as a representation of no opposition."). *But see Johnson v. Pettiford*, 442 F.3d 917, 918 (5th Cir.2006) (despite local rules, unopposed dispositive motions are not automatically granted). Even if the claim is not waived, however, it fails for the same reason as his first claim—there is no summary judgment evidence creating a genuine issue of material fact of a City policy of failing to train its officers.

It is well established that "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978); *accord Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001). Rather, a municipality is liable under § 1983 when the execution of its official policies cause a deprivation of constitutional rights. *Monell*, 436 U.S. at 694. The Fifth Circuit has set forth three elements of municipal liability: "a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Piotrowski*, 237 F.3d at 578. With regard to the second element, the Fifth Circuit has stated:

> An official policy, for purposes of § 1983 liability, is "[a] policy statement, ordinance, regulation or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority." *Bennett v. City of Slidell*, 735 F.2d 861, 862 (5th Cir. 1984) (en banc). Alternatively, official policy is "[a] persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy." *Id.* Finally, "a final decisionmaker's adoption of a course of action 'tailored to a particular situation and not intended to control decisions in later situations' may, in some circumstances, give rise to municipal liability under § 1983." *Bryan County*, 520 U.S. at 406, 117 S.Ct. 1382 (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 481, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986)).

*Brown v. Bryan County, Okla.*, 219 F.3d 450, 457 (5th Cir. 2000).

With respect to the first claim, House has presented no evidence of a City policy of automatically believing officers' statements in investigating internal affairs complaints. House has pointed to no policy statement, ordinance, regulation or decision. Moreover, House has not presented

5

any evidence of persistent, widespread practices by its officers.[29] Thus, House has not raised a genuine issue of material fact as to this claim, and the City is entitled to summary judgment.

House's second claim alleges that the City failed to adequately supervise Holloway and Guerin. House points to discrepancies between Harris's statement and the Current Information Report submitted by Holloway and Guerin,[30] and asserts that the inconsistencies reveal that Holloway and Guerin lied on the report and are attempting a coverup. This claim does not assert an official policy, regulation or custom, but rather tries to fall under the narrow "single incident exception." *See Valle v. City of Houston*, 613 F.3d 536, 542 (5th Cir. 2010). "[A] single decision by a policy maker may, under certain circumstances, constitute a policy for which a [municipality] may be liable. *Id.* (quoting *Brown*, 219 F.3d at 462). "Specifically, in order to find [a municipality] liable for a single decision of the policymaker, there must be evidence that would support a finding that it was *obvious* that the offending officer in question was 'highly likely to inflict the particular injury suffered by the plaintiff.'" *Brown*, 219 F.3d at 461 (emphasis added). In showing obviousness (in other words, deliberate indifference), most cases require proof of prior similar incidents. *See, e.g.*, *Rios v. City of Del Rio*, 444 F.3d 417, 427 (5th Cir. 2006); *Johnson v. Deep East Tex. Regional Narcotics Trafficking Task Force*, 379 F.3d 293, 310 (5th Cir. 2004). Here, there is no evidence of prior similar excessive force claims involving Holloway or Guerin. Thus, there is no evidence that

---

[29]House's response to the City's motion points to inconsistencies in statements submitted by officers Harris, Holloway, and Guerin. Specifically, the Current Information Report submitted by Holloway and Guerin states that they arrived on the scene at 2:26 a.m. Dkt. 68-1, at 5 (under seal). However, Harris's statement states she was called to the scene by Holloway at approximately 2:00 a.m. and arrived at the scene at approximately 2:30 a.m. Dkt. 65-6, at 10 (under seal). This single inconsistency does not establish a material fact issue as to whether the City has a *widespread practice* of automatically taking officers at their word. *See World Wide Street Preachers Fellowship v. Town of Columbia*, 591 F.3d 747, 753–54 (5th Cir. 2009) ("One incident . . . is . . . insufficient to demonstrate a custom.").

[30]*See supra* note 29.

it would be obvious to Chief Hurtt that a decision by him not to adequately supervise the officers would lead to the officers using excessive force. The City is entitled to summary judgment on this claim.

House's third claim asserts that the City inadequately investigated the incident in question.[31] Assuming *arguendo* that a decision not to investigate may be cognizable under the "single incident" exception noted above,[32] this claim fails the causation element of municipal liability. The Fifth Circuit has explained:

> "[A] *direct* causal connection must exist between the policy and the alleged constitutional deprivation. This connection *must be more than a mere 'but for' coupling* between cause and effect. To form the basis of liability under § 1983, a municipal policy must be affirmatively linked to the constitutional violation and be the *moving force* behind it."

*Johnson*, 379 F.3d at 310 ( quoting *Fraire v. City of Arlington*, 957 F.2d 1268, 1281 (5th Cir. 1992)) (emphasis in original, footnotes omitted). Here, House alleges that Chief Hurtt's decision to inadequately investigate the internal affairs review process "constitutes deliberate indifference to Mr. House's civil rights."[33] However, the constitutional violations asserted in House's fourth amended complaint (unlawful detention, arrest and prosecution, and excessive force) go to the officers' conduct on April 21, 2007, the day of the incident, and not four months later when the internal affairs investigation began. Any decision to inadequately review an internal affairs complaint does not have

---

[31] The Fifth Circuit has not reached the issue as to whether "§ 1983 provides an independent cause of action for failure to investigate constitutional misconduct by police officers." *See Paige v. Cochran*, 212 F.3d 595, 2000 WL 423435, at *1 (5th Cir. 2000).

[32] In the event that this claim is not cognizable under the "single incident" exception, the claim still fails under *Piotrowski*'s second element. House has produced no summary judgment evidence of an official policy statement, ordinance, regulation, or custom by the City to inadequately investigate complaints of excessive force.

[33] Dkt. 67, at 7.

any causal effect on the officers' conduct four months earlier. House's third claim fails and the City is entitled to summary judgment.

## Conclusion

For the foregoing reasons, the court recommends that defendant City of Houston's motion for summary judgment be granted. The parties have 14 days from service of this Memorandum and Recommendation to file written objections. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See* Fed. R. Civ. P. 72.

Signed at Houston, Texas on December 1, 2010.

_____
Stephen Wm Smith
United States Magistrate Judge